UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                          CRIMINAL ACTION

VERSUS                                                 NO: 11-157

DOMINICK FAZZIO and                                    SECTION: "C" (5)
MARK J. TITUS

ORDER AND REASONS

Before the Court is defendant Mark J. Titus' Amended/Corrected Motion for a Hearing and to Recover his Attorney Fees and Litigation Expenses Due to the Government's Vexation, Frivolous and/or Bad Faith Prosecution. Rec. Doc. 296. The United States opposes the motion. Rec. Doc. 299. Based on the facts, the memoranda of counsel, and the law, the Court denies the motion for the following reasons.

Titus argues that he should be awarded attorney fees under the Hyde Amendment. 18 U.S.C. § 3006A (Note).[1] This provision of the statute allows the court to award the prevailing party, other than the United States, in a criminal case reasonable attorney fees and other

---

[1]This motion is brought in a criminal case, however, the Fifth Circuit has determined that it shall be brought under civil rules. *See United States v. Truesdale*, 211 F.3d 898, 903 (2000) (finding that a motion filed under the Hyde Amendment would be considered under the civil rule dealing with appeal in the Federal Rules of Appellate Procedure); *see also United States v. Holland*, 214 F.3d 523, 525 (4th Cir. 2000) (finding that any motions made pursuant to the Hyde Amendment should be treated as though filed in accordance with the Federal Rules of Civil Procedure).

1

litigation expenses where it finds that "the position of the United States was vexatious, frivolous, or in bad faith . . . ." *Id.*[2] *See also United States v. Truesdale*, 211 F.3d 898, 903 (2000) (citing *United States v. Gilbert*, 198 F.3d 1293, 1302 (11th Cir. 1999) (describing the legislative history and purpose of the Hyde Amendment)).

The defendant moving for attorney fees bears the burden of proof. *Truesdale*, 211 F.3d at 908; *United States v. Reyes*, 16 F. Supp. 2d 759, 761 (S.D. Tex 1998). The defendant must show by a preponderance of the evidence that the government's position was vexatious, frivolous, or in bad faith. *Truesdale*, 211 F.3d at 908. The *Truesdale* court explained that the defendant must prove more than just that the government's position was not substantially justified. *Id.* at 909. The Court applies the procedures and limitations (but not the burden of proof) from the Equal Access to Justice Act. 28 U.S.C. § 2412(d)(1)(B); *United States v. Claro*, 579 F.3d 452, 457 (5th Cir. 2009).

Other District Courts in this Circuit have relied on the definitions of vexatious, frivolous, and bad faith in *Black's Law Dictionary* in order to find the words' plain meaning and for the

---

[2]The law states: "During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act, may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such award shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code. To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera . . . ." 18 U.S.C. § 3006A (Note).

Court to make its determination of whether the defendant has shown the government's position to be brought based on one of those attributes. *United States v. Reyes*, 16 F. Supp. 2d at 761; *United States v. Peterson*, 71 F. Supp. 2d 695, 698 (S.D. Tex 1999). *Black's Law Dictionary* defines vexatious as "without reasonable or probable cause or excuse; harassing; annoying." 1701 (9th ed. 2009). It defines frivolous as "lacking a legal basis or legal merit; not serious; not reasonably purposeful," and it defines bad faith as "dishonesty of belief or purpose." *Id.* at 739 & 159. Courts in this Circuit have followed the Eighth Circuit in finding that "'if the government had sufficient evidence to have probable cause to believe that [the defendant] committed the crimes charged, the prosecution against him was not vexation.'" *United States v. Gomez*, No. EP-10-CR-1326-KC, 2012 WL 2899715, at *4 (W.D. Tex. July 9, 2012) (citing *United States v. Monson*, 636 F.3d 435, 439 (8th Cir. 2011)). The *Gomez* Court also explained that the distinction between vexatious and frivolous is that vexatious suggests an intention to harass, whereas for a purpose to be frivolous, the defendant does not need to show an improper motive. *Id.* (citing *United States v. Bowman*, 380 F.3d 387, 390-91 (8th Cir. 2004)). Bad faith "'contemplates a state of mind affirmatively operating with furtive design or ill will.'" *Id.* (citing *United States v. Gilbert*, 198 F.3d 1293, 1299 (11th Cir. 1999)). The purpose of the Hyde Amendment is to "allow wrongly prosecuted criminal defendants 'a means to sanction the Government for prosecutorial misconduct.'" *Claro*, 579 F.3d at 456 (citing *United states v. Hristov*, 396 F.3d 1044, 1046 (9th Cir. 2005)).

  A grand jury in the Eastern District of Louisiana returned a second superseding

3

indictment against Mark J. Titus and Dominick Fazzio charging them with various counts related to an alleged scheme to defraud Garner Services, Ltd. on October 11, 2012. Rec. Doc.187. The charges against Titus included three counts of mail fraud, in violation of 18 U.S.C. § 1341, three counts of wire fraud, in violation of 18 U.S.C. § 1343, one count of conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h), five counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(I), and two counts of filing a false tax return, in violation of 26 U.S.C. § 7206(1). *Id.*; Rec. Doc. 299 at 13-14. The second superseding indictment added charges against Titus to charges already brought against his brother-in-law, Dominic Fazzio. Rec. Doc. 187. Defendant Titus acknowledges that these charges came "immediately on the heels of Titus' unsuccessful attempt to withdraw his plea of guilty to conspiracy in a different proceeding involving the same facts and circumstances." Rec. Doc. 296 at 2.

Titus appears to argue that the prosecution was vexatious, frivolous or in bad faith because "[t]he Government in bad-faith retaliation against Titus, turned around the day after his withdrawal motion was denied and his sentence pronounced and indicted Titus [in this case]." Rec. Doc. 296-1 at 2. Titus previously asked the Court to examine whether the prosecution of this case was proper considering Titus' previous plea agreement in the case heard before Section B of this District Court when he moved to dismiss the indictment. Rec. Doc. 220. This Court denied Titus' motion by finding that he "did, in fact, breach the plea agreement in multiple ways." Rec. Doc. 299-1 at 12; Rec. Doc. 246. The Court shall not reexamine its conclusion here.

The only other statement in Titus' motion that could be construed as an argument for why

4

the government's prosecution was vexatious, frivolous or in bad faith, is where Titus eludes to government impropriety regarding the pen recorder and appears to claim that the prosecution was vexatious, frivolous or in bad faith because of the timing between Magistrate Judge Alma Chasez' grant of permission for Fazzio to have his expert examine the device for tampering and the government moving to dismiss the indictment based on evidentiary concerns. Rec. Doc. 296-1 at 3.  Titus has presented no evidence that the pen recorder was the evidentiary concern referenced in the United States' motion to dismiss the Indictment, the First Superseding Indictment and the Second Superseding Indictment. Rec. Doc. 293 at 1.  The United States stated in its motion that it moved to dismiss the indictment based on both evidentiary concerns and in the interest of justice.  The Court shall not examine the prosecutor's decision based on mere speculation about the timing of the motion.

Courts practice restraint when reviewing prosecutorial decisions. *Town of Newton v. Ramiro*, 480 U.S. 386, 396, 107 S.C. 1187, 94 LED.2d 405 (1987).  A plurality opinion stated that courts normally defer to prosecutorial decisions as to whom to prosecute because prosecutorial charging decisions are not simple. *Id.*  Justice Powell stated: "In addition to assessing the strength and importance of a case, prosecutors also must consider other tangible and intangible factors, such as government enforcement priorities. Finally, they also must decide how best to allocate the scarce resources of a criminal justice system that simply cannot accommodate the litigation of every serious criminal charge." *Id.* (Internal citations omitted.) *See also Gilbert*, 198 F.3d at 1304 (finding that the Hyde Amendment is targeted at prosecutorial

misconduct, not prosecutorial mistake or zealousness).

In *United States v. Peterson*, a grand jury indicted the defendants on October 29, 1997. 71 F. Supp. 2d 695, 697 (S.D. Tex 1999). It charged them in Count 1 with conspiracy to commit mail fraud and wire fraud, and in Counts 2-60 with mail fraud. *Id.* After a five-month jury trial, the Court declared a mistrial because not enough jurors remained to try the case without consent of the parties and not all of the parties consented. *Id.* On March 1, 1999, the Government moved to dismiss the indictment, and within thirty days after the Court granted the dismissal, defendants moved for attorney fees under the Hyde Amendment. The Court first reviewed the definitions of frivolous, vexation and bad faith, and then explained that the Hyde Amendment does not apply when the position of the United States is "the product of simple negligence or benign prosecutorial misjudgment." *Id.* It went further to state that the amendment may not even apply when the government has so little proof of guilt that no rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Id.* The Court concluded, based on its observation of the prosecution during the trial that resulted in a mistrial, that the Government had regularly demonstrated thorough and detailed good faith preparation for the prosecution. *Id.* at 701-02. Therefore, it found that the government's position had not been shown to be vexatious, frivolous or in bad faith and denied the motion of four of the defendants for attorney fees. *Id.* at 702.

The Court in *United States v. Gomez* analyzed whether the government's case had been brought in bad faith and then whether it was vexatious or frivolous. 2012 WL 2899715, at *5. It found that the Court had not acted in bad faith because the defendant had failed to demonstrate

6

that the government did not properly investigate the case and did not stubbornly prosecute based on misunderstandings or erroneous assumptions. *Id.* While finding that it was a closer call as to whether the case was prosecuted from a vexatious or frivolous position, it concluded that it was not because prosecution neither lacked probable cause, nor had no basis in law or in fact. *Id.* The Court stated that the government's case was weak because the government had an "imperfect witness," however it could not rely on this imperfect witness alone to show that the government's position was frivolous or vexatious. The Court concluded that "confusion and sloppiness" does not amount to "vexatiousness or frivolousness." *Id.*, at *6 (citing *Truesdale*, 211 F.3d at 909).

Here, the Court has observed the government prosecute the case in good faith. The government demonstrated it was investigating the case, and indeed relied on an admission from the defendant. Rec. Doc. 299 at 6. The Court also finds that the government did not lack probable cause so as to make the government's prosecution of the case vexatious, or frivolous. The United States vigorously prosecuted the case until it decided not to, at which time it promptly moved to dismiss the indictments. Rec. Doc. 293. While the prosecution in this case could also be accused of "sloppiness," if not confusion, the Court finds Titus has not met the standard to warrant an imposition of attorney fees and litigation costs under the Hyde Amendment. 18 U.S.C. § 3006A (Note); *Gomez*, 2012 WL 2899715, at *6 (citing *Truesdale*, 211 F.3d at 909).

Accordingly,

**IT IS ORDERED** that defendant Mark J. Titus' Amended/Corrected Motion for a

Hearing and to Recover his Attorney Fees and Litigation Expenses Due to the Government's Vexatious, Frivolous and/or Bad Faith Prosecution is DENIED. Rec. Doc. 296.

New Orleans, Louisiana, this 24th day of June, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**